IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16 CR 295-1 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BRIAN K. STEPP, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |

## Introduction

This case came before me on the motion of the United States to revoke defendant

Brian K. Stepp's bond under 18 U.S.C. § 3148.  I held an evidentiary hearing on the motion

on March 28, 2017.[1]  On March 29, 2017, I entered an order granting the motion, revoking

the bond, and committing Stepp to custody.[2]  This memorandum and order elaborates upon

the reasons for granting the motion.

## Issues

The motion of the United States presented two issues for decision:

- The statute provides for revocation of bond upon a finding of probable cause
  that the defendant has committed a state crime while on release.  Stepp made
  arrangements for a physical assault upon two persons who made allegations
  to Stepp's customers that Stepp owed these persons money.  The assaults did
  not take place.  Has the movant shown probable cause that Stepp committed
  the offense of complicity to commit attempted assault?

---

[1] ECF # 25.

[2] ECF # 27.

- If such probable cause exists, the statute provides for a rebuttable presumption arises that no conditions will assure that Stepp will not pose a danger to the community or the safety of others.  Stepp submits that conditions such as electronic monitoring will eliminate such danger.  Has Stepp rebutted the statutory presumption in favor of revocation?

## A.    Statement of the Case

The grand jury returned an indictment against Stepp on multiple counts for conspiracy to commit wire fraud, wire fraud, false statement of loan application, and false statement.[3] At the arraignment, Pretrial Services recommended release on a bond, and the United States concurred in that recommendation.[4]  Magistrate Judge Greenberg issued an order setting conditions of release, which included "[t]he defendant must not violate federal , state, or local law while on release."[5]

On March 22, 2017 the Court issued an arrest warrant for Stepp for violation of his conditions of release.[6]  Stepp was arrested the next day.  At his initial appearance the United States moved to revoke his bond, and the Court set the motion for a hearing.[7]  Stepp remained in custody pending the outcome of the hearing.[8]

---

[3] ECF #1.

[4] Minutes of the proceedings at the arraignment, September 22, 2016.

[5] ECF # 6.

[6] ECF #20.

[7] ECF # 23 and minutes of proceedings of March 23, 2017.

[8] Id.

After an evidentiary hearing, the Court ordered Stepp to remain in custody pending the ruling on the motion to revoke bond.[9]  The Court entered its ruling granting the motion, revoking the bond, and remanding Stepp to the custody of the United States Marshal.[10]

**B.     Statement of the Facts**[11]

Stepp became upset when a man named Gary Stout of Stout Lumber, to whom he owed approximately $9000, went to two of Stepp's customers to collect from them money that they owed Stepp, giving notice of intention to place a lien on that money. Although Stepp threatened Stout once or twice, he responded that he intended to go to various municipalities to find out where Stepp had open permits.

Stepp then approached a man (CW) about shutting up Stout, and CW responded that "[t]hat can be handled."  Stepp said that he wanted Stout hurt and offered $500, $250 now and  $250 "when it's done."

Apparently Stout's son had come to a construction site the day before, and CW had seen him at the time.  Stepp explained that he wanted a message sent to Stout and to the son also.  Stepp wanted CW to break the jaws of Stout and his son so that they would have to have their jaws wired up and could not talk.

---

[9] ECF # 25.

[10] ECF # 27.

[11] The facts come from Government Exhibits 1-4, which the Court accepted into evidence at the revocation hearing without objection.  ECF #25.

Thereafter  Stout went with CW to the Stout Lumber yard to identify Stout and his son.  CW photographed  Stepp at the counter.  Stepp cautioned that he did not want anything said to the Stouts during the beating and nothing said at work about the beating.  He did not want anything to come back on him.

CW is an informant who made an audio recording of his conversations with Stout. Because CW was working with authorities, the beatings did not occur.

## Analysis

### A.     Probable cause exists to believe that Stepp committed the state law offense of complicity to commit attempted battery.

The United States argues that the facts set forth above constitute probable cause to believe that Stepp committed complicity to commit multiple attempted assaults in violation of Ohio Revised Code §2923.03(A)(1).  Stepp responds that he did not commit that offense because CW did not actually attempt to assault either of the Stouts, relying on §2923.03(C).

Although both parties have cited Ohio case authorities in support of their arguments, I find two cases not cited by counsel - *State v. Group*[12] and *State v. Moore*[13] most on point.

In *Group* the crime was attempted aggravated murder.  Group arranged for a third party, Lozier, to fire bomb a house.  He promised to give Lozier $150,000 to commit the crime.  Group had told Lozier that the house was vacant.  Group gave Lozier the address and

_____

[12] *State v. Group*, 98 Ohio St. 3d 248, 781 N.E.2d 980 (2002).

[13] *State v. Moore*,  No. 97CA137, 1998 WL 754603 (Ohio Ct. App. Greene County Oct. 30, 1998).

-4-

instructions for making the firebomb.  Lozier knocked on the door, discovered that the house was occupied, and took no further action.[14]

Group argued, much as Stepp does here, that because Lozier did not make any attempt to firebomb the house and thereby attempt to murder the resident, sufficient evidence of attempt did not exist.[15]  The Supreme Court adopted the approach that "solicitation accompanied by the requisite intent may constitute an attempt."[16]  The Court reasoned that offering money to commit the crime, providing the address, and giving instructions that could misdirect a subsequent police investigation constituted a substantial step in a course of conduct planned to culminate in the crime that would support the essential elements of an attempt.[17]

Likewise here Stepp's offer of money to commit the crime, the taking of CW to the Stouts' place of business to identify them, and giving instructions designed to make it difficult to trace the crime back to him provide the essential elements to support an attempt in which Stepp was complicit.

In *Moore*, similar to the facts here, the defendant arranged to have a hit man assault his pregnant girlfriend and kill the unborn child.  Moore had confided his plan to another woman in a phone conversation that the woman recorded.  She contacted police.  A detective

---

[14] *Group*, 98 Ohio St.3d at 261.

[15] *Id*.

[16] *Id*. at 262-63.

[17] *Id*. at 263.

posed as a hitman and met with Moore. Moore and the detective discussed payment, directions to the girlfriend's house, her appearance, her place of work and her work hours, and Moore's planned alibi.[18] The court affirmed Moore's conviction for attempted complicity to commit felonious assault as supported by the manifest weight of the evidence.[19]

The facts here are substantially similar to those found sufficient in *Moore*. Stepp discussed the terms of payment, gave CW instructions as to the beating desired and the injuries to be inflicted, took CW to the Stout's place of business to identify them and directed CW to take measures to prevent attribution of the assaults to Stepp. That CW, like the detective in *Moore*, made no effort to carry out the plan does not exonerate Stepp of criminal complicity.

Probable cause exists to believe that Stepp committed a state crime while on pre-trial release.

**B.  Stepp has failed to overcome the rebuttable statutory presumption in favor of revoking his bond.**

Under 18 U.S.C. § 3148, a showing of probable cause that a defendant committed a state offense while on pretrial release creates a rebuttable presumption in favor of revocation. Stepp has failed to rebut that presumption.

Stepp's counsel argues that the safety of the community and others can be assured by the imposition of additional bond conditions such as electronic monitoring of Stepp's

---

[18] *Moore*, 1998 WL 754603, at *8.

[19] *Id*.

location and his communications.  Even had the Court initially imposed such conditions, they would not have prevented Stepp from putting together the plan that he contrived here to shut up the Stouts and send them a message by way of a brutal beat down designed not to come back on him.

The offer of these additional conditions, therefore, does not overcome the rebuttable presumption created here by the probable cause showing made by the evidence presented at the hearing.

## Conclusion

By undisputed evidence, the United States has shown probable cause that Stepp committed complicity to commit attempted assault while on pretrial release.  Stepp's offer of additional conditions of release does not rebutt the statutory presumption in favor of the revocation of bond and remand to custody.  As previously ordered,[20] Stepp's bond is revoked, and he is remanded to the custody of the United States Marshal pending further order of the Court.

Dated:    April 5, 2017                                    s/ William H. Baughman, Jr.
                                                           United States Magistrate Judge

---

[20] ECF # 27.